MELINDA L. HAAG, CSBN 132612
United States Attorney
DONNA L. CALVERT, SBN IL 6191786
Regional Chief Counsel, Region IX
Social Security Administration
DANIEL P. TALBERT
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8926
    Facsimile: (415) 977-8873
    E-Mail: Daniel.Talbert@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN WHEELER,<br>    Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    Defendant. | Case No. 4:09-cv-03558-SBA<br><br>STIPULATION AND PROPOSED ORDER TO REOPEN AND ENTER JUDGMENT IN FAVOR OF PLAINTIFF |

    IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and with the approval of the Court, that this case shall be reopened for the purpose of entering judgment for Plaintiff.

    On September 20, 2010, pursuant to the stipulation of the parties, this Court remanded the instant case to the Commissioner for a new hearing. On December 7, 2011, an administrative law judge (ALJ) issued a fully favorable decision in Plaintiff's case.

    Now that the administrative proceedings have concluded, reopening is necessary. In a sentence-six remand case, the Court retains jurisdiction following the remand. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases

Stip. and Prop. Order to Reopen                1

remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to the court following completion of the administrative proceedings on remand so that the court may enter a final judgment); see also Shalala v. Schaefer, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

Carrol v. Sullivan, 802 F.Supp. 295, 300 (C.D.Cal. 1992) (paraphrasing and quoting Melkonyan).

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction. Upon reopening, the parties stipulate that judgment should be entered for Plaintiff. Nothing in this proposed order shall be taken to affect Plaintiff's right to request Equal Access to Justice Act (EAJA) attorney's fees under 28 U.S.C. § 2412, or costs under 28 U.S.C. § 1920, or attorney's fees under 42 U.S.C. § 406(b), or to prevent Defendant from opposing any such requests.

Respectfully submitted,

Dated: November 16, 2012      */s/ James H. Miller*
                              (As authorized via email)
                              JAMES H. MILLER
                              Attorney for Plaintiff


                              MELINDA L. HAAG
                              United States Attorney

Date: November 16, 2012       By *s/ Daniel P. Talbert*
                              DANIEL P. TALBERT
                              Special Assistant U. S. Attorney

Stip. and Prop. Order to Reopen            2

ORDER

Pursuant to stipulation, it is so ordered.

Dated: 11/20/12

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28